1

2 # UNITED STATES DISTRICT COURT

3 EASTERN DISTRICT OF CALIFORNIA

4

5 CARLOS PENA,                                  CASE NO. 1:09-cv-00404-LJO-SMS PC

Plaintiff,                     ORDER DENYING PLAINTIFF'S MOTION
6                                               FOR A PRELIMINARY INJUNCTION

7     v.                                        (Docs. 7 and 8)

ROBERT SILLEN, et al.,
8
Defendants.
9 _____/

10

11          This is a civil action filed by Plaintiff Carlos Pena, a state prisoner proceeding pro se, on

12 September 5, 2008, in Fresno County Superior Court.  Plaintiff seeks relief for violation of his

13 federal constitutional rights pursuant to 42 U.S.C. § 1983, and for violation of California tort law.

14 Defendants Huckabay, Ericson, Tucker, Valencia, and Dever removed the action to this court on

15 February 27, 2009.  28 U.S.C. § 1441(b).  On April 9, 2009, Plaintiff filed a motion seeking a

16 preliminary injunction prohibiting Defendants from confiscating and reading his legal work.

17          "A preliminary injunction is an extraordinary remedy never awarded as of right."  Winter v.

18 Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted).  "A plaintiff

19 seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is

20 likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips

21 in his favor, and that an injunction is in the public interest."  Id. at 374 (citations omitted).  An

22 injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief.  Id. at 376

23 (citation omitted) (emphasis added).

24          "[T]hose who seek to invoke the jurisdiction of the federal courts must satisfy the threshold

25 requirement imposed by Article III of the Constitution by alleging an actual case or controversy."

26 City of Los Angeles v. Lyons, 461 U.S. 95, 101, 103 S.Ct. 1660, 1665 (1983) (citations omitted);

27 Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006).  "Abstract injury is not enough."

28 Lyons, 461 U.S. at 101, 103 S.Ct. at 1665.  "[P]laintiff must show that he has sustained or is

1

1  immediately in danger of sustaining some direct injury as the result of the challenged official conduct

2  and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."

3  Id. (internal quotations and citations omitted).  "The key issue is whether the plaintiff is 'likely to

4  suffer future injury.'"  Jones, 444 F.3d at 1126 (quoting Lyons at 105, 1667).  When a government

5  agency is involved, it must "be granted 'the widest latitude in the dispatch of its own internal

6  affairs,'" Gomez v. Vernon, 255 F.3d 1118, 1128 (9th Cir. 2001) (quoting Rizzo v. Goode, 423 U.S.

7  362, 378-79, 96 S.Ct. 598, 608 (1976)), and "[w]hen a state agency is involved, these considerations

8  are, in anything, strengthened because of federalism concerns," Gomez, 255 F.3d at 1128.  "[A]ny

9  injunctive relief awarded must avoid unnecessary disruption to the state agency's 'normal course of

10 proceeding.'"  Id. at 1128 (quoting  O'Shea v. Littleton, 414 U.S. 488, 501, 94 S.Ct. 669, 679

11 (1974)).

12      In addition, any award of equitable relief is governed by the Prison Litigation Reform Act,

13 which provides in relevant part, "Prospective relief in any civil action with respect to prison

14 conditions shall extend no further than necessary to correct the violation of the Federal right of a

15 particular plaintiff or plaintiffs.  The court shall not grant or approve any prospective relief unless

16 the court finds that such relief is narrowly drawn, extends no further than necessary to correct the

17 violation of the Federal right, and is the least intrusive means necessary to correct the violation of

18 the Federal right."  18 U.S.C. § 3626(a)(1)(A).

19      This action arises from events which occurred in April 2007.  (Docs. 1, 10.)  The Court does

20 not have jurisdiction in this action to issue the order sought by Plaintiff because it would not remedy

21 the past violations of Plaintiff's rights which are at issue in this action.  Lyons at 101; Jones at 1126.

22      Accordingly, Plaintiff's motion for a preliminary injunction, filed April 9, 2009, is HEREBY

23 DENIED.

26 IT IS SO ORDERED.

27 **Dated:    September 2, 2009**          **/s/ Lawrence J. O'Neill**
                                          UNITED STATES DISTRICT JUDGE

2