# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS PENA, | CASE NO. 1:09-cv-00404-LJO-SKO PC |
|     Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE |
|     v. | (Docs. 23, 25, 26) |
| D. HUCKABAY, et al., | |
|     Defendants. | |

    Plaintiff Carlos Pena, a former state prisoner proceeding pro se, filed this civil action on September 5, 2008, in Fresno County Superior Court. Defendants Huckabay, Ericson, Tucker, Valencia, and Dever removed the action on February 27, 2009, 28 U.S.C. § 1441(b), and it is currently proceeding on Plaintiff's second amended complaint against Defendants Valencia and Dever for use of excessive force, in violation of the Eighth Amendment of the United States Constitution, 42 U.S.C. § 1983. All other claims and parties have been dismissed.

    On March 12, 2012, Defendants filed a motion for summary judgment. On March 15, 2012, the Court ordered Plaintiff to file an opposition or a statement of non-opposition within thirty days and it warned Plaintiff that the failure to comply with the order would result in dismissal, with prejudice. Plaintiff filed a motion seeking a thirty-day extension of time, and it was granted on April 24, 2012, but no response was filed.

    On July 9, 2012, following the decision in *Woods v. Carey*, 684 F.3d 934, 936 (9th Cir. 2012), the Court issued a notice warning Plaintiff of the requirements for opposing Defendants' motion and it ordered Plaintiff to file a response within twenty-one days. Plaintiff was again warned

that the failure to comply would result in dismissal of the action. To date, Plaintiff has not complied with or otherwise responded to the order.

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" *id.* (quoting *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending more than three years. Plaintiff is obligated to comply with the Local Rules and he was initially informed via court order of the Local Rule governing the briefing schedule. Despite Plaintiff's duty to comply with all applicable rules, upon the filing of the motion for summary judgment, the Court prompted Plaintiff to comply by filing an opposition or a statement of non-opposition. Following the issuance of *Woods*, the Court issued a summary judgment notice and again directed Plaintiff to file an opposition or a statement of non-opposition  The Court's efforts were met with silence from Plaintiff, and the Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish* at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," *id.*, and it is Plaintiff's failure to comply with the Local Rules and the Court's order that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scare resources. Plaintiff is proceeding in forma pauperis in this action, making monetary sanctions of little use, and given this stage of the proceedings, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff

has ceased litigating his case.

Finally, because public policy favors disposition on the merits, this factor usually weighs against dismissal. *Id.* at 643. However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," as is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (internal quotations and citations omitted).

In summary, Plaintiff filed this action but he is no longer prosecuting it. Almost six months have passed since Defendants filed their motion for summary judgment, and Plaintiff has not responded, despite the issuance of the Court's First Informational Order, the Court's order specifically directing him to respond, and the Court's *Woods*-mandated notice, which again directed Plaintiff to respond. (Docs. 3, ¶9; Doc. 23; Doc. 26.) The Court is buried under a veritable flood of civil cases and simply cannot afford to expend resources resolving, on the merits, an unopposed motion for summary judgment in a case a plaintiff is no longer prosecuting.

Accordingly, the Court finds that dismissal is the appropriate sanction. This action is HEREBY ORDERED dismissed, with prejudice, for failure to prosecute.

IT IS SO ORDERED.

**Dated:   August 18, 2012**              /s/ Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE